UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASHU ATEM MOUSA,

Petitioner,

v.

KEVIN RAYCRAFT et al.,

Respondents.

Case No. 1:26-cv-2507

Honorable Jane M. Beckering

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.9.)[1]

[1] In addition to filing the § 2241 petition, Petitioner also filed motions seeking relief during the pendency of this action. (ECF Nos. 2, 3.) Because this opinion and the accompanying judgment resolve this matter in its entirety, Petitioner's pending motions are moot.

In an Order entered on September 9, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 7.) Respondents filed their response and a recording of the August 28, 2026, bond hearing on September 14, 2026. (Resp., ECF No. 8; Recording of Aug. 28, 2026, Bond Hearing, filed on Sep. 14, 2026.)

## II. Relevant Factual Background

Petitioner is a citizen of Cameroon who entered the United States in 2024. Op., *Mousa v. Raycraft* (*Mousa I*), No. 1:26-cv-2293 (W.D. Mich. Aug. 26, 2026) (ECF No. 10). On June 12, 2025, ICE agents arrested Petitioner. *Id.*

On August 10, 2026, Petitioner filed a § 2241 petition challenging his initial § 1226(a) bond hearing in *Mousa I*. In *Mousa I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) with the government bearing the burden to demonstrate dangerousness or flight risk by clear and convincing evidence within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Mousa I*, (W.D. Mich. Aug. 26, 2026), (ECF Nos. 10, 11).

On August 28, 2026, Petitioner received a second bond hearing pursuant to § 1226(a). Bond Order, *Mousa I*, (W.D. Mich. Sep. 2, 2026), (ECF No. 12-1). At the conclusion of that hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "DHS has met its burden to show the respondent is a flight risk by clear and convincing evidence." *Id.*

## III. Discussion

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on August 28,

2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

**Conclusion**

For the reasons discussed above, the Court will enter a Judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: September 24, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge